UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Ridgeway, | : | Case No. 1:05CV2183 |
| Petitioner | : | Judge Peter C. Economus |
| v. | : | Magistrate Judge David S. Perelman |
| James Erwin, Warden, | : | **REPORT AND RECOMMENDED DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his February 4, 2003 conviction pursuant to a jury trial of one count of aggravated robbery, one count of robbery, one count of kidnapping, each count bearing specifications for having had a prior conviction,[1] one count of theft, two counts of intimidation, and one count of breaking and entering, upon which he is currently serving sentences of seven years incarceration on the aggravated robbery and kidnapping convictions to be served consecutively, one year on the theft count to run concurrently with the foregoing counts, four years on each intimidation count to run concurrently with each other but consecutive to the other sentences, and six months on the breaking and entering count to run concurrently with the other sentences.

Petitioner, represented by new counsel, appealed his convictions to the Ohio Eighth District Court of Appeals alleging four assignments of error:

    1. Michael Ridgeway was denied his constitutional right to a fair

---

[1] Each count also bore specifications for having been a repeat violent offender, but they were nolled.

>   trial before a jury free from outside influences by the repeated introduction of victim impact evidence during the State's case in chief.
>
>   2.  Michael Ridgeway was denied his federal and state constitutional rights to a fair trial before an impartial jury by the introduction of improper other acts evidence in his trial.
>
>   3.  Michael Ridgeway was denied his constitutional right to effective assistance of counsel by trial court's failure to make objections or preserve the record, thereby depriving Mr. Ridgeway of appellate issues.
>
>   4.  Michael Ridgeway has been deprived of his liberty without due process of law by the consecutive sentences imposed on him as said sentences do not comport with Ohio's new sentencing structure.

On February 17, 2004 the appellate court affirmed the convictions.

Petitioner, represented by the same appellate counsel, filed with the Ohio Supreme Court an appeal of the affirmance of his convictions, alleging the following propositions of law:

>   **Proposition of Law No. I:** The repeated introduction of improper other acts evidence in a defendant's trial denies him his constitutional right to a fair trial before an impartial jury.
>
>   **Proposition of Law No. II:** When consecutive sentences are imposed without adequate, on-the-record findings to support them, the consecutive sentences deprive a defendant of his liberty without due process of law.

On June 23, 2004 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On September 15, 2005 the petitioner filed the instant *pro se* petition, in which he raises the following four claims for relief:

>   **A. GROUND ONE:** Conviction obtained by a violation of the protection against double jeopardy.

>> **Supporting FACTS:** The petitioner was wrongly convicted of offenses of similar import arising out of the same offense, to wit: robbery, theft, burglary.
>
> **B. GROUND TWO:** The petitioner was denied his constitutional right to a fair trial before a jury, free of outside influences.
>
> **Supporting FACTS:** The jury was influenced by the repeated introduction of victim impact evidence during the case in chief.
>
> **C. GROUND THREE:** The petitioner was denied his constitutional rights to a fair trial before an impartial and fair jury.
>
> **Supporting FACTS:** This right was violated by the introduction of improper other acts evidence in his trial.
>
> **D. GROUND FOUR:** The petitioner was denied his right to the effective assistance of counsel at trial.
>
> **Supporting FACTS:** The petitioner was denied this right by the trial court's failure to make objections or preserve the record depriving the petitioner of appellate issues.

Respondent asserts that petitioner's claims for relief should be dismissed as procedurally barred.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date.  Lindh v. Murphy, 521 U.S. 320 (1997).[2]

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights.  Granberry v. Greer, 481 U.S. 129, 133 (1987).  Under the exhaustion doctrine

---

[2]There are no issues of untimeliness in this case.

a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27 (2004); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Fair presentation requires that a constitutional claim for relief be presented to the state's highest court. Id. at 845; Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990); Klein v. Carter, [get cite–2005 u.s.dist. Lexis 12571], (S.Dist.OH 2005).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.2d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001). Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004). It is not enough to present the facts giving rise to the federal claim raised in habeas corpus; a petitioner must present the same legal theory to the state courts as is presented to the federal courts in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). Even if a claim is related, but distinct, the claim is nonetheless defaulted. Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

In addition, merely "mak[ing] a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court[,]" does not sufficiently apprise

the state court of a specific federal constitutional guarantee so as to exhaust the claim. Gray v. Netherland, 518 U.S. 152,162-63 (1996), citing Picard v. Connor, 404 U.S. 270, 271 (1971) and Anderson v. Harless, 459 U.S. 4, 7 (1982). Accord, Blackmon v. Booker, supra at 400 (quoting McMeans v. Brigano, supra at 681). For example, mere use of the term "ineffective assistance" would not alert the state courts of the federal nature of a claim. Baldwin v. Reese, supra.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion in light of the fact that there would be no available state remedies to exhaust. Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). For example, under a longstanding Ohio procedural rule a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief, see Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1979), which in turn would leave no remaining available state remedies to exhaust.

However, having survived the exhaustion analysis a petitioner would nonetheless be barred from presenting claims for relief in habeas corpus which were not presented in the state courts unless he/she demonstrates cause for failure to fairly present the claims to the state courts and actual prejudice to his/her defense at trial or on appeal. Gray v. Netherland, supra at 162; Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989); Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004); Clifford v. Chandler, 333 F.3d 724, 728 (6th Cir. 2003), cert. denied, 124 S. Ct. 1601 (2004), overruled in part on other grounds by Wiggins v. Smith, 539 U.S. 510 (2003); Alley v. Bell, 307 F.3d 380, 388 (6th Cir. 2002).

In his first claim for relief petitioner argues that his convictions of offenses of similar import

5

arising from the same offense caused him to be unconstitutionally placed twice in jeopardy.

Petitioner failed to raise this specific argument before any of the state courts and would now be barred from raising it in a delayed appeal or in a petition for post-conviction relief, so that there would be no remaining avenues for exhaustion of this claim. That being so, petitioner is required to show cause for the failure to fairly present his claim to the state courts and actual prejudice to his defense at trial or on appeal, neither of which he has demonstrated in these proceedings. As a consequence, this Court agrees with respondent that petitioner's first claim for relief has been procedurally defaulted and may not be considered.

Petitioner's second and fourth claims for relief also present procedural problems.

In his second claim for relief petitioner asserts that he was denied his constitutional right to a fair trial by reason of the repeated introduction of victim impact evidence which prejudiced the jury. Petitioner also argues in his fourth claim for relief that he was denied the effective assistance of trial counsel.

Each of these arguments was raised by petitioner on direct appeal, but was not argued in petitioner's appeal to the state supreme court and would now be barred from being raised to that court as they could have been raised previously. Having failed to do so, the claims were not fairly presented as they must be in order to avoid a finding of procedural default. That being so, petitioner is required to show cause for the failure to fairly present his claim to the state courts and actual prejudice to his defense at trial or on appeal, neither of which he has demonstrated in these proceedings. As a consequence, this Court agrees with respondent that petitioner's second and fourth claims for relief have been procedurally defaulted and may not be considered.

In his third claim for relief petitioner argues that his constitutional rights to a fair trial were

violated by the admission of other acts evidence.  Respondent asserts that this claim was not fairly presented to the state courts in light of the fact that petitioner presented this issue to the state courts as a matter of state law, as opposed to relying on federal constitutional law.

In <u>Blackmon v. Booker</u>, <u>supra</u> at 400-401, the Sixth Circuit Court of Appeals held that a habeas petitioner's failure to present his claim for relief to the state courts was evidenced by the following:

> He did not cite federal case law identifying how errors such as those at his trial constitute denials of "fair trial" and "due process" rights, nor how his case mirrored cases in which such denials have been found.  Concomitantly, he failed to develop any cogent arguments regarding those rights beyond the naked assertion that they were violated.  Such presentation is insufficient....To escape procedural default, claims that the rights to due process and to a fair trial have been violated must of themselves be fairly presented, rather than functioning as catchall language appearing within the presentation of other non-constitutional arguments.

(Citations omitted.)

Applying the foregoing rationale to the present case would call for the same conclusion.

In petitioner's brief on direct appeal the opening paragraph states that his federal constitutional rights were violated, but the balance of the brief relies mostly on state law authorities pertaining to the inadmissibility of evidence of a defendant's prior bad acts or character, and the fact that the admission of such evidence in his case was not harmless error.  To illustrate why the error was not harmless, petitioner included the following paragraph:

> In *Yates v. Evatt* (1991) 500 U.S. 391, the Supreme Court ruled that when assessing whether an error is harmless, a review court *should not* look at whether there was sufficient other evidence to support the conviction.  *Yates* ruled that reviewing courts should examine whether the improperly admitted evidence could reasonably have contributed to the verdict.  If it could reasonably have contributed to the verdict, then the error was not harmless and requires reversal.

> Because the evidence that Michael Ridgeway had other problems with the law was the type of evidence upon which the jury could have relied when it determined whether he was misidentified by Ms. Meszes, its admission was not harmless error.

(Emphasis in original).

That citation to federal case law, offered in support of the issue of whether the admission of other acts evidence was harmless error, and not to illustrate how errors such as those at his trial constitute denials of "fair trial" and "due process" rights, was not sufficient to meet the test set out in Blackmon v. Booker, supra. Consequently, this claim was not fairly presented as it must be in order to avoid a finding of procedural default. That being so, petitioner is required to show cause for the failure to fairly present his claim to the state courts and actual prejudice to his defense at trial or on appeal, neither of which he has done. As a consequence, this Court agrees with respondent that petitioner's third claim for relief has been procedurally defaulted and may not be considered.

However, procedural default aside, petitioner's third claim for relief would fail on the merits.

To be entitled to relief in federal habeas corpus a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution. Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994). As a general rule, an error in the admissibility of evidence does not constitute such a denial, as such errors are matters of state law not cognizable in habeas corpus. Byrd v. Collins, 209 F.3d 486, 528 (6th Cir. 2000), cert. denied, 531 U.S. 1082 (2001). Habeas relief can only be granted for a state trial court's errors in the admission of evidence which "so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." Roe v. Baker, 316 F.3d 557, 567 (6th Cir. 2002), citing Kelly v. Withrow, 25 F.3d 363, 370 (6th Cir. 1994). Accord, McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004), cert. denied, 125 S. Ct. 126 (2004).

Under the AEDPA the states have wide latitude in ruling on evidentiary matters. <u>Seymour v. Walker</u>, 224 F.3d 542 (6th Cir. 2000), <u>cert. denied</u>, 532 U.S. 989 (2001). In considering petitioner's habeas corpus petition, a federal court may not grant such petition merely because it disagrees with the evidentiary rulings of the state courts, but may only grant relief if the state court's evidentiary rulings were contrary to rulings of the United State Supreme Court on a similar question of law or if the state courts decided the evidentiary issues differently than the Supreme Court in a case with materially indistinguishable facts. <u>Sanders v. Freeman</u>, 221 F.3d 846 (6th Cir. 2000).

The state appellate court reviewed petitioner's claims that the admission of other acts evidence deprived him of a fair trial and held in pertinent part as follows:

> In his second assignment of error, defendant argues that he was denied a fair trial because the trial court allowed the State to make reference to his criminal history. Specifically, defendant complains that the testimony of Det. Moran and Det. Colbert was so prejudicial as to warrant a new trial. We disagree.
>
> Evid.R. 404(B) states:
>
> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
>
> In a criminal case where the defendant alleges that it was prejudicial error to allow the jury to hear certain testimony, the reviewing court must first determine if it was error to allow the jury to hear the testimony and, if so, whether such error was prejudicial or harmless. *State v. Davis* (1975), 44 Ohio App.2d 335.
>
> First, we find no error in the admission of Det. Moran's testimony that defendant had a "minor infraction in Cleveland Heights, which was, had no bearing with my case." Such testimony does not reveal an "other act" of defendant to show that the acted in conformity therewith. It merely shows how Det. Moran was able to take the defendant into custody so that a line-up could be arranged in the

9

>presence of the victim. Thus, there was no error in allowing the jury to hear this testimony.
>
>Next, we find no error in the admission of Det. Colbert's testimony that defendant had been stopped and given a trespass warning by the CSU Police Department in 2001 because he was intoxicated. Defendant was charged with breaking and entering. Pursuant to R.C. 2911.13, the State was required to prove that defendant was "trespassing" on CSU property in order to support a conviction for breaking and entering. Trespass means "the defendant without privilege to do so, knowingly entered or remained on the land *** the use of which was lawfully restricted to certain purposes, and defendant knew he was in violation of such restriction." Det. Colbert's testimony was not offered to show conformity with previous bad acts. Rather, it was offered to show that defendant had previously been warned and had knowledge that he was not allowed to be on CSU property. Accordingly, the evidence was properly admitted under Evid.R. 404(B) to establish knowledge.

In finding that the evidence was properly admitted, that state appellate court ruling, which relied on state authorities, neither resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, nor was the decision based upon an unreasonable determination of the facts in light of the evidence presented.

In light of all the foregoing, it is recommended that the petition be dismissed without further proceedings.

s/DAVID S. PERELMAN<br>United States Magistrate Judge

DATE:   March 16, 2006

### OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).